# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1874.

[No. 4,223.]

### GEORGE W. LEET *v.* JOHN RIDER.

QUIETING TITLE TO STREET.—One who claims title to land alleged to be a
public street or highway, cannot maintain an action to quiet his title
thereto against a street commissioner of a city, who claims no in-
terest in the land.

IDEM.—Such street commissioner is the mere agent or servant of the city,
and his acts done in the performance of his duty in opening streets, are
the acts of the city.

APPEAL from the District Court, Sixth Judicial District,
County of Sacramento.

Leet commenced this action to quiet the title to a belt of
land eighty feet wide and one hundred and seventy feet
long. He alleged that he was in possession of the land and
owned it, and that Rider claimed it adversely to him, and
threatened to enter on the same and take possession there-
of, and destroy his fences, trees and shrubbery.

The land was in the city of Sacramento, and was a part
of the Sutter grant. Sutter, in 1849, laid out a city, and
the land in controversy was dedicated as a public street.

Leet had it enclosed, and had been in the adverse posses- sion of it more than five years, when this suit was com- menced. Rider claimed no interest in the land, but was Street Commissioner of the city, and as such, had informed Leet that he intended to open the street. The Court below dismissed the plaintiff's bill, and he appealed.

*George Cadwalader*, for the Appellant.

This was a suit to quiet title. The decision was against the appellant, because his claim to enter upon plaintiff's premises and despoil it of its improvements, was made in the capacity of Street Commissioner, and not personally.

The error of this ruling is apparent, when it is remem- bered that this Court, in *Head* v. *Fordyce*, 17 Cal. 151, de- cided that the Act authorizing persons in possession to sue to have their titles quieted, embraced every description of claim whereby the plaintiff might be deprived of the property or its title clouded, or its value depreciated; or whereby the plaintiff might be incommoded or dam- nified by the assertion of an outstanding title already held, or to grow out of the adverse pretension. The plaintiff has a right to be quieted in his title, whenever any claim is made to real estate of which he is in possession, the effect of which might be litigation or loss to him of the prop- erty.

*S. Solon Hall*, for the Respondent.

The land to which the plaintiff wants the title quieted is a public street. Section seven hundred and thirty-eight of the Code of Civil Procedure, under which this action is sought to be maintained, provides that "an action may be brought by any person against another who claims any estate or interest in real property adverse to him, for the purpose of determining such adverse claim." The defend- ant claims no estate or interest in the real property in dis- pute. The plaintiff obstructed the public street, and the defendant under the order of the city authorities was about to remove these obstructions. The case is, therefore, not

within the provisions of the law upon which the plaintiff relies.

An obstruction upon a street is a public nuisance. (Penal Code, 370; Civil Code, 3,479.) To maintain a public nuisance is a misdemeanor. (Penal Code, 372.) A public nuisance may be abated by any public body or officer authorized thereto by law. (Civil Code, 3,494.) The authorities of the city of Sacramento are authorized to prevent and remove nuisances. (City Charter, sec. 2.) Any person may abate a public nuisance which is specially injurious to him by removing, etc. (Civil Code, 3,495.) The streets of a city or town are public, free to everybody, whether residents of the city or town, or elsewhere.

Every person, therefore, has as much estate or interest in the portion of the street thus obstructed and enclosed as Rider, the defendant, has. When, therefore, the Courts have quieted the title for plaintiff as against Rider, it will, no doubt, be a great satisfaction to him and his counsel to know that among all mankind one individual, at least, is fairly got rid of.

The plaintiff relies wholly upon five years' adverse possession; if this gives no title he has none. Under the Code an obstruction on a public street is a public nuisance, and the Civil Code (sec. 3,490,) provides that "no lapse of time can legalize a public nuisance, amounting to an actual obstruction of public right." The laws of this State, before the Codes, made it a nuisance to obstruct a street. (Hittell's Digest, 1,524.) The obstruction placed upon this street was a nuisance when he put it there; when did it cease to be a nuisance? It was a crime at first; when did it cease to be one? A wrong persisted in five years ripened into a right! Lapse of time does not legalize a nuisance. (Civil Code, 3,490; *Mills* v. *Hall*, 9 Wend. 315; 3 Hill 621; *Digest* v. *Schenk*, 23 Wend. 446; *Lewis* v. *Stern*, 16 Ala. 214; *Kittering Academy* v. *Brown*, 41 Penn. st. 273.) "The title of the corporation to the soil of the streets for uses that conduce to the public enjoyment and convenience, is paramount and exclusive; and no private occupancy, for whatever time, and whether adverse or by permisson, can vest a title incon-

sistent with it." (3 Pa. Penrose and Watts, 253; *Commonwealth* v. *Alburger*, 1 Whart. Pa. 469–486; *Commonwealth* v. *McDonnald*, 16 Serg. and Rawle, 390; Dillon on Corporations, Sec. 530; *Runz* v. *Shoneferger*, 2 Watt, 23; *Philadelphia* v. *Reading R. R. Co.* 58 Penn. 262; 4 Martin, La. 8; *Mayor* v. *Magioli*, 4 La. An. 73; *Jersey City* v. *Morris Canal Co.* 1 Beasley, Ch. 562.) A title to real estate acquired by adverse possession under the limitation law is a prescription regulated by statute. A prescription rests upon a presumed grant, so remote that the evidence thereof is lost. It follows that nothing can be acquired by prescription which in its nature is incapable of being granted—a grant will not be presumed of that which is not the subject of a grant.

Streets of a city cannot be granted; it is land "out of commerce," and the municipal corporation has no power of alienation; they are held in trust for public use.

The paramount authority to control and regulate public streets, and the use thereof, is in the Legislature. (Dillon on Corporations, Sec. 518; Trenton Railroad Case, 6 Wharton, 25.) *Nullum tempus occurrit regi* is the rule applicable to the sovereign power of a State, as has repeatedly been decided. The Code does not change this rule so far as regards encroachments upon public rights.

By the COURT:

The action cannot be maintained upon the facts appearing in the findings. Rider, the sole defendant, did not claim for himself any interest or estate in the premises described in the complaint, and, therefore, should not have been made a party defendant in an action to quiet the alleged title of the plaintiff. Rider is a mere agent or servant of the City of Sacramento; his acts done in the scope of his authority are the acts of the city, and the action cannot be maintained against him.

Judgment affirmed.